# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHAD BILGRIEN**
        Petitioner,

v.                      Case No. 10-C-0163

**JEFFREY PUGH, Warden,**
**Stanley Correctional Institution**
        Respondent.

## ORDER

On February 26, 2010, Chad Bilgrien filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Washington County Circuit Court of committing a hit-and-run involving death. He was sentenced to 15 years' imprisonment and is currently incarcerated at Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

As grounds for habeas relief, petitioner argues that he was under the influence of psychotropic medications during his plea hearing and that therefore his plea was not knowingly and intelligently made. He also argues that the trial court did not conduct a

proper plea colloquy. Finally, petitioner argues that his trial counsel provided ineffective assistance during the plea hearing, and that his postconviction counsel was ineffective in failing to identify issues to pursue on appeal. These are colorable constitutional issues.

However, petitioner concedes that he has not yet exhausted his state remedies. Petitioner states that he is in the process of doing so and asks that I stay this case and hold the petition in abeyance pending exhaustion. See, e.g., Rhines v. Weber, 544 U.S. 269, 278 (2005) (holding that stay-and-abeyance procedure is appropriate when petitioner has good cause for failure to exhaust, unexhausted claims are potentially meritorious, and there is no indication that petitioner has engaged in intentionally dilatory litigation tactics). Before ruling on petitioner's request or, if the request should be denied, dismissing the petition for failure to exhaust state remedies, I find it prudent to determine whether respondent opposes petitioner's request. Therefore, although respondent need not answer or otherwise respond to the petition at this time, respondent will be ordered to file a response to petitioner's request for an abeyance. If respondent opposes the request, petitioner will be afforded an opportunity to file a reply brief in support of his request.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **RESPOND** to petitioner's request to hold this petition in abeyance pending exhaustion of state remedies. If respondent opposes the request, petitioner will have thirty (30) days after respondent serves his opposition brief in which to file a reply brief, should petitioner choose to file a reply brief.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

2

Until respondent files his notice of appearance, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 1 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:10-cv-00163-LA   Filed 03/02/10   Page 3 of 3   Document 3