# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHAD BILGRIEN**
        **Petitioner,**

   **v.**                                                      **Case No. 10-C-0163**

**JEFFREY PUGH, Warden,**
**Stanley Correctional Institution**
        **Respondent.**

---

## DECISION AND ORDER

On February 26, 2010, Chad Bilgrien filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Along with his petition, Bilgrien filed a motion in which he conceded that he had not yet exhausted his state remedies and requested that I stay this case and hold the petition in abeyance pending exhaustion. I asked respondent to indicate whether he opposed petitioner's request for a stay, and respondent filed a brief in opposition to the request along with a motion to dismiss the petition on the merits. Respondent argues that Bilgrien does not meet the requirements for obtaining a stay, and that in any event the one-year limitations period had already expired by the time Bilgrien filed his petition and request for stay and abeyance. For the reasons explained below, I find that Bilgrien did not file his petition within the statute of limitations and that therefore his request for stay and abeyance is moot.

## I. FACTS

After Bilgrien was convicted and sentenced, he filed a notice of intent to pursue post-conviction relief, which is the first step in Wisconsin's direct review process. See Wis.

Stat. § 809.30(2)(b). The Wisconsin Court of Appeals then granted two extensions for Bilgrien to take the next steps in prosecuting his direct appeal – i.e., filing either a post-conviction motion or a notice of appeal. Wis. Stat. § 809.30(2)(h). With these extensions, Bilgrien had until December 3, 2008 to decide how he wanted to proceed. However, Bilgrien did not file anything by the deadline and did not request a third extension.

Bilgrien commenced the present action on February 26, 2010. He alleges that he was on medication at the time he pleaded nolo contedere and that the medication affected his ability to knowingly and intelligently plead. He also alleges that the trial court's plea colloquy was constitutionally defective. Bilgrien states that he did not exhaust these claims in state court because he did not discover the medication's effect on his ability to plead until recently. He states that he is in the process of raising these claims in state court. However, as respondent points out, Bilgrien has not yet filed anything in state court in an effort to exhaust his claims.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a petition challenging a state court conviction must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the present case, Bilgrien never completed Wisconsin's established direct review process, and therefore the statute of limitations began running when the time to seek direct review expired. Bilgrien concedes that his time to seek direct review in state court expired on December 3, 2008. (Request for Stay & Abeyance ¶ 2.) However, Bilgrien argues that he had until March 2, 2010 to file his habeas petition. He arrives at this date by adding ninety

2

days – the time period for filing a petition for certiorari with the Supreme Court of the United States – to the direct review process. Respondent argues that Bilgrien cannot add these ninety days because his failure to pursue his direct appeal in state court precluded him from seeking certiorari.

In a case in which a petitioner pursues his direct appeal all the way to the state court of last resort (which in Wisconsin is the Wisconsin Supreme Court), the "time for seeking [direct] review," includes the ninety days during which a petition for certiorari may be filed. Anderson v. Listcher, 281 F.3d 672, 674-75 (7th Cir. 2002). However, when a petitioner fails to prosecute his direct appeal all the way to the state court of last resort, the petitioner cannot obtain review by certiorari because such review applies only to "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257; see also Sup. Ct. R. 13.1 (time for filing certiorari petition calculated from date that "state court of last resort" enters judgment or denies discretionary review). Thus, several circuit courts of appeal have held that where a petitioner abandons his direct appeal prior to seeking review in the state's highest court, he is not entitled to add the ninety days for petitioning for certiorari to his time for seeking direct review under Section 2244(d)(1)(A). See Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

As respondent points out, however, case law in the Seventh Circuit is somewhat unsettled on this point. The Seventh Circuit has not explicitly analyzed the issue, and in two cases the court reached implicitly disparate results. In Farmer v. Litscher, the court did not give a petitioner who failed to initiate his direct appeal the benefit of the ninety-day

3

period for seeking certiorari. 303 F.3d 840, 845-46 (7th Cir. 2002) (concluding that time for seeking direct review expired when time for filing notice of intent to pursue post-conviction relief expired). But in Balsewicz v. Kingston, the court added the ninety-day period even though the petitioner did not seek review in the Wisconsin Supreme Court. 425 F.3d 1029, 1032 (7th Cir. 2005). In neither case did the court discuss whether it was appropriate to add the ninety-day period. Further, in neither case would it have mattered whether the court added the ninety days, since the petitions would have been untimely whether or not the ninety days were included in the time for seeking direct review.[1]

Because Farmer and Balsewicz do not explicitly discuss the issue, and because their implications are dicta and in any event contradictory, I conclude that neither case is controlling. Further, I conclude that if the court were presented with a case in which the

---

[1] In Balsewicz, the state court of appeals issued its judgment on May 24, 1994, and the petitioner did not seek review in the state supreme court. The Seventh Circuit credited the petitioner with ninety days for seeking certiorari and determined that the time for seeking direct review expired on August 22, 1994. The court then noted that the result of this determination was that the conviction became final prior to the adoption of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was enacted on April 24, 1996. Because petitioners whose convictions became final prior to the adoption of AEDPA were entitled to a one-year grace period, Balsewicz had until April 24, 1997 to file his habeas petition. However, he did not file a habeas petition until October 20, 2003, and thus his petition was barred. 425 F.3d at 1032. This result would have obtained even if the Seventh Circuit did not credit Balsewicz with the ninety days for seeking certiorari. Subtracting those ninety days, Balsewicz's conviction would still have been final prior to the enactment of AEDPA, the limitations period would still have expired on April 24, 1997, and Balsewicz's 2003 habeas petition would still have been untimely.
  In Farmer, the court concluded that the petitioner's conviction became final on June 18, 1997, the date on which the petitioner was required to file either a motion for post-conviction relief or a notice of appeal. However, the petitioner waited more than two years to file his habeas petition, until September 20, 1999. Farmer, 303 F.3d at 845-46. Thus, the petition would have been untimely whether or not the court added ninety days to the petitioner's time for seeking direct review.

4

addition of the ninety day period was dispositive, it would follow the reasoning of the circuits cited above and find that the "time for seeking [direct] review" does not include the ninety days for seeking certiorari in cases in which the petitioner fails to seek review in the state's highest court.  Accordingly, I conclude that Bilgrien's conviction became final when he failed to file either a notice of appeal or a post-conviction motion (or a request for a third extension) on December 3, 2008.  It follows that Bilgrien's petition was already time-barred when he filed it along with his request for stay and abeyance on February 26, 2010.  Therefore, I will dismiss the petition on the merits and deny petitioner's request for stay and abeyance as moot.

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition is dismissed pursuant to 28 U.S.C. § 2244(d)(1).  The clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that petitioner's request for stay and abeyance is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 25 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge